(February 17, 1887.)

## COUGHANOUR v. HOFFMAN'S ESTATE.

[13 Pac. 231.]

HOMESTEAD—EXEMPTION.—Under the homestead laws of this territory, page 627 of our Revised Laws, edition of 1874-75, the widow may select a homestead after the death of her husband under section 1 of said act, and have the same set apart, by the probate court, for the benefit of herself and children, under section 4 of said act.

WIDOW HEAD OF FAMILY UNDER HOMESTEAD ACT.—The widow is the head of a family in contemplation of the first section of said act, and the benefits of the act are secured to her as a wife surviving her husband by section 4 of said act.

(Syllabus by the court.)

APPEAL from District Court, Boise County.

George Ainslie, for Appellant.

The widow could acquire no homestead interest in the property until an order of the probate court or judge was made setting it apart for her. It differs from the case of a homestead created during the existence of the community by a compliance with the provisions of the homestead act. (*Estate of Boland,* 43 Cal. 640-642 et seq.) The probate court does not acquire jurisdiction to set apart a homestead for the surviving wife, where no homestead had been selected before the death of the husband, unless a petition therefor is filed. (*Cameto v. Dupuy,* 47 Cal. 79.) The declaration of homestead must be filed during lifetime, and not by the survivor. (*Estate of James,* 23 Cal. 416 et seq.) The probate court, in setting apart, for the use of the family of the deceased husband or wife, property which had been dedicated as a homestead under the homestead act, does not change or transfer the title, nor does it adjudicate the question of title. (*Rich v. Tubbs,* 41 Cal. 34-36.) One claiming the benefit of the homestead law must establish a clear case within its provisions. (*Tilton v. Vignes,* 33 La. Ann. 240; *Matzen v. Shaeffer,* 65 Cal. 81, 3 Pac. 92; *Lord v. Lord,* 65 Cal. 84, 3 Pac. 96.) The exemption of property from sale on execution is a personal right, which the debtor may waive or claim at his election. (*Borland v. O'Neal,* 22 Cal. 507.) The

homestead rights of a widow and children are determined by the conditions existing at the time of the death of the husband and father, not by the conditions existing at the time of the settlement of the succession. (*Lessasuer's Succession*, 34 La. Ann. 1066.) The widow's homestead right must be determined by the law in force when the debts were contracted against which it is asserted. (*Bolling v. Jones*, 67 Ala. 508.) The fact that the probate court, after the death of the wife, set the property apart as a homestead for the benefit of the surviving husband and children, does not affect the question. (*Watson v. Creditors*, 58 Cal. 556-558.)

C. S. Kingsley, for Respondents.

Section 123 of the Probate Practice Act provides for the setting aside of a homestead, either under the general homestead law or under the fifth subdivision of section 126. It is obligatory on the probate court. (*Estate of Orr*, 29 Cal. 101; *Estate of Walley*, 11 Nev. 260; *Estate of Wixon*, 35 Cal. 320; *Estate of Ballentine*, 45 Cal. 696; *Sulzberger v. Sulzberger*, 50 Cal. 385; *Mawson v. Mawson*, 50 Cal. 539; *Estate of McCauley*, 50 Cal. 544; *Eproson v. Wheat*, 53 Cal. 715.) If the widow is not, strictly speaking, "wife," she is at least the "head of a family." (*Ellis v. White*, 47 Cal. 73; *Estate of Walley*, 11 Nev. 260; *Estate of Busse*, 35 Cal. 310.) That the tract included in the homestead was originally two farms or tracts, divided by imaginary lines, does not affect the question, so long as they are contiguous, and so connected as to constitute one body. (*McDonald v. Badger*, 23 Cal. 393, 83 Am. Dec. 123; *Clarke v. Shannon*, 1 Nev. 568.) It need not have been taken or selected before the death of the husband. (*Estate of Busse*, 35 Cal. 310.) But may be made at any time before sale on execution. (*Hawthorne v. Smith*, 3 Nev. 182, 93 Am. Dec. 397; *Estate of Walley*, 11 Nev. 260; *Estate of Boland*, 43 Cal. 640.) It may be taken for property which the husband acquired before marriage. (*Revalk v. Kraemer*, 8 Cal. 66, 68 Am. Dec. 304; *Gee v. Moore*, 14 Cal. 472.)

BUCK, J.—Appeal from a decree of the district court, confirming an order of the probate court of Boise county, setting

aside three hundred and seventeen acres of land as a homestead, upon petition of Ella M. Hoffman, widow of Fred Hoffman, deceased, under section 4, page 629 of the Revised Laws of Idaho. The section reads as follows: "The homestead, and other property exempt from forced sale, of either husband or wife, may be set apart by the probate court for the benefit of the surviving husband or wife, and his or her legitimate children." Section 1 of the same act (Revised Laws, 627) provides that "the homestead, consisting of a quantity of land, together with the dwelling thereon, and its appurtenances, not exceeding in value the sum of $5,000, to be selected by the husband and wife, or either of them, or the head of a family, shall not be subject to forced sale on execution," etc. The section further provides that said homestead shall be selected by a written declaration, and recorded as a conveyance affecting real estate, and after said recording the husband and wife shall be deemed to hold said premises as joint tenants.

It is argued by appellant that a homestead, set aside to the widow, must be limited to twenty acres, under section 126, chapter 5, of the probate act (page 262 of our Revised Laws). That section provides that, "if there is no law in force exempting property from execution, a homestead, consisting of a quantity not exceeding twenty acres," etc., "shall be set apart for the use of the widow and children, and shall not be subject to administration." In our territory there is an exemption law, and therefore said section 126 of chapter 5 is not applicable to the case at bar.

It is claimed by appellant that deceased, Hoffman, having neglected to claim his homestead while living, he had no real estate exempt from execution at the time of his death, and therefore there was no homestead exempt from forced sale at the time of his death which could be set apart to his widow and children. This construction seems too literal to be in harmony with the spirit of our homestead laws. Homestead and exemption laws are construed liberally, as a protection of the unfortunate. (Rorer on Judicial Sales, secs. 1354, 1355; *Woodward v. Murray*, 18 Johns. 400; *Conklin v. Foster*, 57 Ill. 104; *Kneettle v. Newcomb*, 22 N. Y. 249, 78 Am. Dec. 186.) It is admitted in this case that neither the deceased, Hoffman, nor his wife had made a selection of a homestead under the statute

prior to his death; but that, after his death, and prior to the order of the probate court appealed from, the widow, Ella M. Hoffman, made the declaration, and had the same recorded as provided by law. It is claimed, however, by appellant that the widow is not a wife in contemplation of statute, nor is she the head of a family under the contemplation of the homestead law. It is admitted that the widow is the mother of three children, all of whom are living with her, and dependent upon her for support. We think that she is clearly the head of the family, and entitled to exercise her right to select a homestead at any time before the property is disposed of by forced sale or otherwise. (*Hawthorne v. Smith,* 3 Nev. 182, 93 Am. Dec. 397; *Estate of Walley,* 11 Nev. 260; Rorer on Judicial Sales, secs. 1358, 1359.) In the case at bar she did so after the death of her husband, and during the course of administration of his estate. We think she was entitled so to do.

It is contended, however, by appellant, that, admitting that the selection of a homestead was valid, under the first section of the homestead act, yet, being a widow, she is not a wife, and section 4 does not authorize the homestead to be set off to her as the head of the family by the probate court. We think this construction inconsistent with the spirit of homestead or exemption laws. The statute reads in terms that the homestead, etc., may be set apart for the benefit of the surviving husband or wife. Perhaps the meaning would have been better expressed by transposing the words so that it would read "for the benefit of the husband or wife surviving." But it cannot be presumed that the legislators intended to limit the benefits of this section to the husband, and deprive the widow of it, when she needed it most. Indeed, the construction contended for would deprive the husband surviving the wife of the homestead, as well as the wife surviving the husband, and the section would be without force or meaning. We deem it unnecessary to discuss the principles involved in this case at length, as we are informed that in the revision of our laws which will take effect on the 1st of June, 1887, important changes have been made in the sections considered in this case.

Judgment is affirmed.

Hays, C. J., and Broderick, J., concur.