H. S. GEORGE, *as Constable*, v. A. S. HUNTER.

1. EXEMPTION — *Grain for Bread.* The word "support" in the seventh subdivision of ¶ 2998 of the General Statutes of 1889, used in connection with the word "grain" therein, *held* to exempt grain on hand sufficient for the use of the family, as bread for one year.

2. EVIDENCE — *Error.* It was error, therefore, for the court, on the trial of the cause, to admit evidence to show what it would cost to support the debtor and his family for a year, for the purpose of showing that the whole of the wheat in controversy was necessary for the support of him and his family.

3. INSTRUCTIONS — *Error.* It was also error for the court to charge the jury that the debtor was entitled to have all of the wheat exempt, if they should find that the debtor could not support his family during the year without retaining all of said wheat.

*Error from Ellsworth District Court.*

THE opinion states the facts. Judgment for plaintiff, *Hunter*, at the November term, 1888. The defendant, *George*, brings the case here.

*H. E. Shafer*, for plaintiff in error.

*Lafferty & Sternberg*, for defendant in error.

Opinion by STRANG, C.: Action for replevin for an undivided two-thirds interest in six stacks of wheat. A. S. Hunter, a farmer, raised upon the land of his father six stacks of wheat, in all 400 bushels. Two-thirds of said wheat belonged to him and the other third to his father. He was indebted to W. B.

Power, assignee of J. E. Hayner & Co., on a note. Power sued him on said note before a magistrate and recovered a judgment, upon which an execution was issued, which was placed in the hands of H. S. George, a constable of the township, who levied the same upon Hunter's interest in said wheat, and this, action of replevin was brought by Hunter to recover the wheat from the constable. The case was tried by the court and a jury, and resulted in a verdict and judgment for the plaintiff, and the defendant, the constable, brings the case here for review, and assigns the following errors: (1) The court erred in the admission of testimony; (2) error in the instructions given.

The case involves the construction of the seventh subdivision of ¶ 2998 of the law exempting property from levy and sale on execution. The language of the seventh subdivision of said paragraph is as follows:

"The grain, meat, vegetables, groceries and other provisions on hand necessary for the support of the debtor and his family for one year, and also all the fuel on hand necessary for their use for one year."

The plaintiff below contended that the word "support," as used in the statute, is to be construed literally, and means grain enough, in the absence of other property, to support the family for a year. That is, if a debtor has 1,000 bushels of wheat, and no meat, vegetables, groceries or other provisions, he may have sufficient wheat exempt to not only bread his family for one year, but sufficient also to sell, and purchase meat, groceries and other provisions, as well as necessary wearing apparel, for the use of the family for one year; while the contention of the defendant below is, that the word "support," as used in the statute, means, and should be construed to mean, grain sufficient to bread the family for one year. The language of subdivision 6 of the paragraph is, "the necessary food for the support of the stock mentioned in this section for one year." It will not be said that the word "support," in this subdivision, means anything more than sufficient food to feed the stock for a year, and we think the word "support"

in the seventh subdivision is employed in the same sense, and simply means in connection with the other substantive words therein, grain, meat, or groceries on hand, sufficient to feed the family for one year, or sufficient for the use of the family as food for one year. If a family has on hand 1,000 bushels of wheat, but no meat or groceries, we do not think they may have as exempt sufficient wheat to bread the family a year, and in addition thereto sufficient to sell and purchase meat and groceries, or vegetables or other provisions. If the construction contended for by the plaintiff is correct, then, by the same reasoning, if the family had on hand a stock of groceries worth $1,000, but had no grain, or meat, or vegetables, or "other provisions," they might have exempt the whole stock, provided there was no more than sufficient, in addition to the necessary groceries for use of the family, when sold, to purchase grain, meat, vegetables and other provisions for the use of the family for one year. But such a construction in relation to groceries would conflict with the provisions of subdivision 8 of the paragraph. This court has held that the exemption laws of the state must be construed liberally in favor of the debtor, but the provisions of the several subdivisions of the exemption law must not, through a desire to be liberal to the debtor, be warped out of all harmony with each other, nor must such a construction be put upon any of its provisions as to render it uncertain and variable in its application, but it must be so construed as to give it a uniform application to each individual debtor as to all objects of the same class. The amount of exemption, or the benefit to be derived from any particular class of property, cannot be made to depend upon the possession or want of possession by the debtor of any of the other classes of property made exempt by any of the provisions of the exemption law.

We do not think that the construction put upon the word "support," in the seventh subdivision of the paragraph referred to, is tenable. It follows, therefore, that the evidence introduced for the purpose of showing what it would cost to support the debtor and his family for a year, and that the

whole of his share of the wheat in the six stacks was not worth more than enough to support the family for a year, was improperly received, and constitutes error. The court also erred in the construction put upon the word "support" in its charge to the jury. For these reasons, it is recommended that the judgment of the court below be reversed, and the case sent back for a new trial.

By the Court: It is so ordered.

All the Justices concurring.