(December 3, 1896.)

## CLEVELAND v. ANDREWS.

### [46 Pac. 1025.]

PROPERTY EXEMPT FROM EXECUTION—SUBDIVISION 6 OF SECTION 4480 OF THE REVISED STATUTES CONSTRUED.—Where the plaintiff, having been incapacitated by injuries from pursuing the employment in which he has been engaged upon a railroad, purchases a pair of horses, for the purposes of engaging in the business of a teamster or drayman, and where the evidence shows conclusively the *bona fides* of such intention, such horses are exempt from levy, although the plaintiff has not actually entered upon such business.

(Syllabus by the court.)

APPEAL from District Court, Bannock County.

Quarles & Willis and R. P. Quarles, for Appellants.

This action was brought to recover from the appellant Andrews and his sureties, as constable, damages for the alleged unlawful seizure under execution of two horses alleged to be exempt from execution. The court erred in permitting the respondent to testify as to his intention to use the horses seized under execution in future for the purposes of teaming. The court erred in instructing the jury that if the respondent intended to go into the teaming business, they, the jury, would be justified in finding for the respondent. Appellants insist that the exemption of the specific property, "work horses,". from execution under the laws of this state, that the intentions which are hid away in the mind of the execution debtor can have nothing to do with it. (*Calhoun v. Knight,* 10 Cal. 393; *Brusie v. Griffith,* 34 Cal. 302, 91 Am. Dec. 695; *Roberts v. Adams,* 38 Cal. 383, 99 Am. Dec. 413; *Dore v. Nunan,* 62 Cal. 399; *Murphy v. Harris,* 77 Cal. 194, 19 Pac. 377; *Edgecomb v. His Creditors,* 19 Nev. 149, 7 Pac. 533.)

Reeves & Terrell, for Respondent.

The question arises upon the construction of subsection 6, section 4480 of the Revised Statutes of Idaho. Exemption statutes should be liberally construed with a view of affecting the object of the statute and allowing the exemptions. (Smyth on Homesteads and Exemptions, sec. 519; Thompson on Homesteads and Exemptions, sec. 731; *Mallory v. Berry,* 16 Kan. 293; *Elliot v. Hall,* 3 Idaho, 421, 35 Am. St. Rep. 285, 31 Pac. 796; *Carruth v. Grassie,* 11 Gray (Mass.), 211, 71 Am. Dec. 707.) Respondent having no other occupation and for the purpose of becoming a teamster, purchased two horses, and was negotiating for wagon and harness, using reasonable diligence under his circumstances, was and is, within the intent and meaning of the statute, entitled to the exemptions of a teamster from the day he purchased such horses and was afforded a reasonable opportunity to further equip himself for the business. Under such circumstances the intentions and *bona fides* of the party control. (Thompson on Homesteads and Exemptions, sec. 732; *Steele v. Lyford,* 59 Vt. 230, 8 Atl. 736; *Mallory v. Berry,* 16 Kan. 293; *Carruth v. Grossie,* 11 Gray (Mass.), 211, 71 Am. Dec. 707; *Forsyth v. Bower,* 54

Cal. 639; *Dow v. Smith,* 7 Vt. 465, 29 Am. Dec. 202; *Jaquith v. Scott,* 63 N. H. 5, 56 Am. Rep. 476; *Berg v. Baldwin,* 31 Minn. 541, 18 N. W. 821; *Hickman v. Cruise,* 72 Iowa, 528, 2 Am. St. Rep. 256, 34 N. W. 316.)

HUSTON, J.—The facts in this case as they appear in the record are substantially as follows: The plaintiff, having been injured while in the employ of a railroad, was compelled to seek other means of earning a livelihood for himself and family, and to this end purchased a pair of horses and was negotiating for a wagon with the intention of engaging in the business of a teamster or drayman, a business in which he had been engaged prior to his employment by the railroad company. Before he had completed his outfit, the horses were seized, upon a writ of attachment issued against plaintiff, by the defendant Andrews, as constable. Plaintiff brings his action of claim and delivery against defendant Andrews as constable, and the other defendants as sureties. The cause was tried by a jury who rendered a special verdict for plaintiff, and from the judgment entered upon such verdict, this appeal is taken. The only question raised by this record is: Was the property levied upon, exempt under the statutes of Idaho?

Subdivision 6 of section 4480 provides that: "Two oxen, two horses, or two mules, etc., by the use of which a cartman, drayman, truckman, huckster, peddler, hackman, teamster, or other laborer habitually earns his living, etc.," is exempt from execution. It is contended by appellant that as the plaintiff had not actually engaged in the business of a drayman or teamster at the time the levy was made, the property does not come within the provisions of the statute.

While courts should be careful, that the beneficent purposes of statutes like the statute of exemptions are not made the means or excuse for fraud, it is equally important that the palpable intent of the law should not be defeated by mere technicalities or strained construction. No suspicion is cast upon the *bona fides* of the plaintiff in this action. The evidence shows conclusively that he was acting in the utmost good faith, and was proceeding as speedily as was possible under the circumstances in which his misfortunes had placed him to engage

again in the business or a vocation, in which he was engaged before his employment by the railroad company. We think his case is clearly within the spirit and intent of the statute, that the horses were exempt. (See *Elliot v. Hall,* 3 Idaho, 421, 35 Am. St. Rep. 285, 31 Pac. 796.)

The judgment of the district court is affirmed with costs.

Morgan, C. J., and Sullivan, J., concur.