THOMAS VOSS *et al.* v. W. O. GOSS.

No. 14,489.   (84 Pac. 564.)

SYLLABUS BY THE COURT.

EXEMPTIONS—*Head of a Family—Food for the Support of Stock.* The sixth subdivision of section 3 of the exemption law (Gen. Stat. 1901, § 3018), which exempts to a person residing in this state, and the head of a family, the necessary food for the support of exempt stock owned by him, does not entitle him to claim, in the absence of food for stock, a crop of wheat for the purpose of selling the wheat and purchasing food for the support of such stock.

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed February 10, 1906. Reversed.

*Dale & Amidon,* for plaintiffs in error.

*Adams & Adams,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.:   W. O. Goss brought this action against Thomas Voss, marshal of the city court of Wichita, and the State Bank of Goddard, to recover damages for the conversion of a crop of wheat levied upon in attachment proceedings in the city court in an action in which the bank was plaintiff and he was defendant. The action is based upon the claim that the wheat was exempt from seizure and sale. Goss's interest in the crop of wheat was a three-fifths share, the remainder belonging to the owner of the land. There was a trial before the court and a jury, which resulted in a verdict for plaintiff in the sum of $183.85. A motion for judgment upon the special findings was denied, as was the motion for a new trial, and defendants bring error.

Several errors are assigned, but it will not be necessary to consider all of them. Plaintiff is the head of a family, and claims that the wheat in controversy was

exempt to him under section 3018 of the General Statutes of 1901, for the reason that he owned a team of horses and that the wheat was necessary as food for their support. That part of section 3018 which must be considered reads as follows:

"Every person residing in this state, and being the head of a family, shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state, the following articles of personal property: . . .

"*Sixth*, The necessary food for the support of the stock mentioned in this section for one year, either provided or growing, or both, as the debtor may choose; also, one wagon, cart or dray, two plows, one drag, and other farming utensils, including harness and tackle for teams, not exceeding in value three hundred dollars."

The clause preceding the sixth exempts a span of horses to the head of a family.

It is the contention of plaintiff that inasmuch as he had raised no crops that season except this wheat, and because it was customary in that vicinity to feed wheat to horses, he was entitled to claim the wheat as exempt for that purpose. It is argued that as the statute makes provision for food necessary for the support of stock for one year, without making any distinction with reference to the particular kind of food to be used for any class of animals, it was intended to leave to the debtor the selection of the kind of food. The principal witness for plaintiff was the plaintiff himself. He testified that it would have probably required 250 bushels of wheat to feed this team for a year, but that he had never fed any wheat himself to horses; also, that he had at the time the levy was made six tons of cane, but intended to sell the cane and buy food for his family. It appears that when the levy was made he claimed fifty bushels of this wheat as exempt for bread for his family, and that amount was set apart to him, but that he made no claim at that time that any of the wheat was necessary

for the support of his stock.  He claimed it, however, before the sale.  On cross-examination he testified:

"Ques.  You know, as a matter of fact, that you would not feed ninety-cents-a-bushel wheat, would you?  Ans.  No, sir.  But I would sell it and buy feed with it.

"Q.  That is what you intended to  do with this? A.  Yes, sir.

"Q.  Did n't intend to feed this wheat?  A.  No, sir; intended to have feed out of it.  I intended to sell wheat and buy feed."

It also appeared by others of his witnesses that, while they had known of wheat being fed to horses, it was not the custom to do so when wheat was ninety cents a bushel and corn and oats much less; and none of the witnesses could give an instance where wheat was fed to horses the fall and winter after the levy of the attachment.

The principle involved in this case has been decided by this court in *George v. Hunter*, 48 Kan. 651, 29 Pac. 1148, 30 Am. St. Rep. 325.  The facts in that case are the same as in this, except that the debtor there claimed all the wheat for the support of his family, and contended that having no other provisions he had the right to take, in addition to sufficient wheat for bread for the family, enough more to sell and purchase other necessary provisions.  The case turned upon the construction of the word "support," in the seventh subdivision of the statute, and also the same word in the sixth subdivision.  The court, after quoting both subdivisions of the statute, said:

"The language of subdivision 6 of the paragraph is 'the necessary food for the support of the stock mentioned in this section for one year.'  It will not be said that the word 'support,' in this subdivision, means anything more than sufficient food to feed the stock for a year; and we think the word 'support' in the seventh subdivision is employed in the same sense, and simply means, in connection with the other substantive words therein, grain, meat, or groceries on hand, sufficient to

feed the family for one year, or sufficient for the use of the family as food for one year. If a family has on hand 1000 bushels of wheat, but no meat or groceries, we do not think they may have as exempt sufficient wheat to bread the family a year, and in addition thereto sufficient to sell and purchase meat and groceries, or vegetables or other provisions. If the construction contended for by the plaintiff is correct, then, by the same reasoning, if the family had on hand a stock of groceries worth $1000, but had no grain, or meat, or vegetables, or 'other provisions,' they might have exempt the whole stock, provided there was no more than sufficient, in addition to the necessary groceries for use of the family, when sold, to purchase grain, meat, vegetables and other provisions for the use of the family for one year. . . . The amount of exemption, or the benefit to be derived from any particular class of property, cannot be made to depend upon the possession or want of possession by the debtor of any of the other classes of property made exempt by any of the provisions of the exemption law." (Pages 652, 653.)

This court has uniformly given a liberal construction to the exemption laws, but to uphold the contention of plaintiff would be to hold that if he possessed 5000 bushels of wheat he should be permitted to keep and sell a sufficient amount of it to purchase any of the numerous necessary articles mentioned in the fifth or sixth subdivisions which he happened to be without. If he could claim as exempt 250 bushels of ninety-cent wheat for the purpose of sale to buy necessary feed for the support of his stock, he would, upon the same principle, be entitled to claim the same amount of any other personal property to be sold for the same purpose. This construction would render the various classifications of exempt property in the statute useless.

Defendants' demurrer to the evidence should have been sustained upon the admission of plaintiff that it was not his intention to feed this wheat to his horses, but, on the contrary, to sell it and buy other food, and

the uncontradicted testimony offered by him that wheat was not regarded in the vicinity as food for horses at the time the wheat was taken. The judgment is reversed.

All the Justices concurring.