In re STUMP.*

WHITE v. STUMP.

(Circuit Court of Appeals, Ninth Circuit. October 30, 1922.)

No. 3904.

1. Bankruptcy ⬅101—Estate regarded as in custody of law from filing of petition.

The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition.

2. Bankruptcy ⬅152—Trustee acquires status of lien creditor as of filing of petition.

Under Bankruptcy Act, § 47a, cl. 2 (Comp. St. § 9631), a trustee acquires the status of a creditor having a lien as of the time when the petition in bankruptcy is filed.

3. Bankruptcy ⬅396(1), 409(1)—Right to exemptions governed by state laws, but manner of allowance within control of bankruptcy court.

Exemptions to which a bankrupt is entitled are fixed and defined by the laws of the state in which he has his domicile, but the time and manner of claiming, selecting, and allowing exemptions are matters wholly within the jurisdiction and control of the bankruptcy courts.

4. Bankruptcy ⬅400(1)—Claims of exemption may be amended or claim of homestead made by amendment.

Claims for exemptions contained in a voluntary bankrupt's schedule under Bankruptcy Act, § 7a, cl. 8 (Comp. St. § 9591), may be amended, if seasonably done, or if, by oversight, a claim for homestead is omitted from the schedule, it may be amended on timely application.

5. Bankruptcy ⬅400(1)—Bankrupt's wife held entitled to file declaration of homestead after filing of petition.

The status of a trustee in bankruptcy as a creditor having a lien from the time of the filing of the petition under Bankruptcy Act, § 47a, cl. 2 (Comp. St. § 9631), does not affect the right of the bankrupt's wife to file thereafter a declaration of homestead as permitted by the state laws (Comp. St. Idaho 1919, §§ 5441, 5462–5464), in view of Bankruptcy Act, § 6 (Comp. St. § 9590), though under Comp. St. Idaho 1919, § 5437, the homestead is subject to forced sale in satisfaction of judgments obtained before the filing of the declaration or obtained in an action in which an attachment was levied before such filing.

6. Homestead ⬅5—Statutes liberally construed.

Homestead statutes are liberally construed to the end that their purpose may be adequately effectuated.

7. Bankruptcy ⬅399(1)—Filing of voluntary petition held not to estop bankrupt to claim homestead thereafter.

Though the filing of a voluntary petition in bankruptcy deprived creditors of their right to proceed against the bankrupt's property by levy of attachment or other mode of acquiring an involuntary lien, the bankrupt and his privies are not thereafter estopped to claim a homestead from the assets.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari granted 260 U. S. —, 43 Sup. Ct. 251, 67 L. Ed. —.

Petition for Revision in Matter of Law of an Order of the District Court of the United States for the Central Division of the District of Idaho; Frank S. Dietrich, Judge.

Proceeding in bankruptcy on the claim of Veta Stump that a homestead be set apart to her out of the assets of the estate of Pete Stump, bankrupt, opposed by Samuel D. White, as trustee of the bankrupt's estate. An order of the referee disallowing the claim was set aside by the District Court, and the trustee brings a petition for revision. Affirmed.

Tannahill & Leeper, of Lewiston, Idaho, for petitioner.

Harve H. Phipps, of Spokane, Wash., and James L. Harn, Clay McNamee, and McNamee & Clements, all of Lewiston, Idaho, for respondent.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. The record shows that Pete Stump filed his voluntary petition in bankruptcy February 2, 1922, and was adjudged a bankrupt February 6th. The usual schedules accompanied the petition. Among the assets listed was a parcel of real property known as the northeast quarter of section 31, township 38 north, range 1 west. The bankrupt claimed certain personal property aggregating $865 as exempt, but made no claim for homestead exemption. On March 1, 1922, Veta Stump, wife of the bankrupt, made and acknowledged her declaration selecting and claiming the above-described realty as a homestead for the joint benefit of herself, her husband, and three minor children. The declaration was filed and recorded in the county recorder's office on March 28, 1922. At the adjourned first meeting of creditors, April 8, 1922, Veta Stump, through her attorney, submitted to the referee in bankruptcy her claim in writing praying that the homestead be set apart to her out of the assets of the estate. The pleadings of the parties were later formulated, and, the briefs of counsel having been submitted, the referee made and entered on April 28, 1922, an order disallowing the claim of homestead except subject to the claims of the general creditors.

From this order a review was prosecuted by Veta Stump to the District Court, resulting in its being set aside, with instructions to the referee to take further proceedings not out of harmony with the views of the court then expressed.

The cause is here on petition of the trustee for revision of the order of the District Court thus rendered.

The question presented by this record is whether Veta Stump is entitled to the homestead exemption selected and claimed by her for the joint benefit of herself, husband, and minor children.

Under the Idaho Statutes the homestead includes:

"The dwelling house in which the claimant resides, and the land on which the same is situated and located as in this act provided; also the proceeds thereof in the event of a voluntary sale, and also the insurance thereon, if any, in the event of a loss." Section 5437, Idaho Compiled Statutes, 1919.

"The homestead is subject to execution or forced sale in satisfaction of judgments obtained:

"1. Before the declaration of homestead was filed for record, and which constitute liens upon the premises; or in an action in which an attachment was levied upon the premises before the filing of such declaration.

"2. On debts secured by mechanic, laborer or vendor's liens upon the premises.

"3. On debts secured by mortgages upon the premises, executed and acknowledged by the husband and wife or by an unmarried claimant.

"4. On debts secured by mortgages upon the premises, executed and recorded before the declaration of homestead was filed for record."
Section 5441.

"In order to select a homestead, the husband or other head of a family, or in case the husband has not made such selection, the wife, must execute and acknowledge, in the same manner, as a conveyance of real property is acknowledged, a declaration of homestead, and file the same for record."
Section 5462.

"The declaration of homestead must contain:

"1. A statement showing that the person making it is the head of a family; or, when the declaration is made by the wife, showing that her husband has not made such declaration, and that she therefore makes the declaration for their joint benefit.

"2. A statement that the person making it is residing on the premises, and claims them as a homestead.

"3. A description of the premises.

"4. An estimate of their actual cash value."
Section 5463.

"The declaration [for homestead] must be recorded in the office of the recorder of the county in which the land is situated." Section 5464.

[1, 2] It is no longer to be disputed that "the exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition" (Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307, 32 Sup. Ct. 96, 99 [56 L. Ed. 208]), or that under section 47a, cl. 2 (Comp. St. § 9631), the trustee acquires the status of a creditor having a lien as of the time when the petition in bankruptcy is filed (Bailey v. Baker Ice Machine Co., 239 U. S. 268, 275, 276, 36 Sup. Ct. 50, 60 L. Ed. 275).

Counsel for the trustee urges with much persuasion that the status thus acquired by the trustee is the equivalent of a judgment or attachment in the state court antedating the declaration of a homestead.

[3, 4] First let it be premised that exemptions to which the bankrupt is entitled are fixed and defined by the laws of the state in which he has his domicile, but the time and manner of claiming, selecting, and allowance of exemptions are matters wholly within the jurisdiction and control of the bankruptcy courts. Further, under section 7a, cl. 8 (Comp. St. § 9591), the voluntary bankrupt is required to prepare and file with his petition for bankruptcy a schedule of his assets and liabilities, which shall contain "a claim for such exemptions as he may be entitled to." These claims may be amended if seasonably done (In re Webb [D. C.] 219 Fed. 349, 350), or, if by oversight the claim for homestead is omitted from the schedule, it may be amended if timely application therefor is made to the court (In re Maxson, 170 Fed. 356).

[5] Now as to the contention of counsel: This court has in Brandt v. Mayhew, 218 Fed. 422, 134 C. C. A. 210, declared that the purpose of the amendment to section 47a, which is now comprised by clause 2 of such section, was to make effective the rights of creditors against

those who claimed secret or unrecorded liens or adverse interests in the property of the bankrupt, and that it did not affect the provisions of section 6 of the act (Comp. St. § 9590), which guarantees to the bankrupt the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in bankruptcy. So in that case, which was one where on August 17, 1912, an involuntary petition in bankruptcy was filed against the husband, who was adjudged a bankrupt October 8th. On November 4, 1912, the wife recorded a declaration of homestead. On November 20th she filed with the referee a petition for an order setting apart the homestead claimed. On January 10, 1913, the trustee filed an inventory of the assets of the estate, including therein the property claimed as a homestead, and on February 17th the bankrupt filed schedules and therein made claim to an exemption of $5,000 in value of the real estate upon which his wife filed the declaration of homestead. It was held that the homestead was properly set apart to the claimants—this in view of the California statutes, which, as they relate to the selection of homesteads, differ but little, but not materially, in so far as the principle involved is concerned, from the Idaho statutes. In both the homestead is subject to execution in satisfaction of judgments obtained before the declaration of homestead was filed for record. But in the Idaho statutes it is also subject to attachment levied prior to its filing for record. The claim of homestead of the wife of Mayhew was initiated subsequent to the filing of the petition in bankruptcy against her husband; but it was determined, in effect, that the status of the trustee having a lien from the time of the filing of the petition in bankruptcy did not operate to deprive the wife of her homestead. The status of the trustee is regulated by the Bankruptcy Act. The liens by judgment or attachment derive their potency from the state statutes. But neither in the Mayhew nor in the present case were there any such liens that obtained prior to the filing of the petition in bankruptcy or the initiation of the claim of homestead.

There is a distinction between the Mayhew Case and the present. This is one of voluntary bankruptcy. The bankrupt filed his schedule along with his petition, and, while he claimed certain personal property as exempt, he did not claim a homestead exemption; nor was any declaration of homestead made and filed until nearly two months thereafter. The husband not having made selection of a homestead, the wife, as the statute authorized her to do, exercised the right, and upon filing the same with the recorder soon thereafter applied to the referee for an order setting the homestead apart for the benefit of herself, husband, and minor children. The distinction, however, is not regarded as vital. By a certificate of the referee of May 16, 1922, it appears that the bankrupt himself submitted to the referee the claim of homestead selected by Veta, his wife, for allowance, and that a question arose as to whether an amendment to the petition in bankruptcy should be allowed, but there is no specific statement as to how it was disposed of.

[6] It would seem but just and equitable to the wife under the conditions attending the record that the homestead should be set apart

as prayed. Obviously it is the intendment and purpose of the Idaho statute to provide the wife with the means of selecting the homestead in case the husband for any reason fails to make such selection. It was designed for her protection and support and that of her family, and such statutes are liberally construed to the end that the purpose may be adequately effectuated. Coughanour v. Hoffman's Estate, 2 Idaho (Hasb.) 290, 13 Pac. 231; Smith v. Thompson, 213 Fed. 335, 129 C. C. A. 637. While it was the husband's primary authority and duty to claim the homestead if he so desired, and to make the claim at the time of filing his petition in bankruptcy, the fact remains that he did not do it; nor did he make any selection or attempt to do so. Thereupon the wife made the selection, and in seasonable time applied to the referee to have the homestead set apart to her from the assets of the estate. She could do nothing else for her protection; and, not being a party to the bankruptcy proceedings, it was the only thing she could do to secure the homestead for the benefit of herself and family. In Coughanour v. Hoffman's Estate, supra, where the statute required that the selection be made by the husband and wife, or either of them, it was held that the widow was entitled to make the selection after the decease of the husband.

[7] It is further insisted that, as the creditors by the filing of the petition in bankruptcy are deprived of their right to proceed against the property of the bankrupt by levy of attachment or other mode of acquiring an involuntary lien for subjecting the property to execution and sale, the bankrupt and his privies are thereafter estopped to claim a homestead from the assets. This does not follow. As we have seen, the time and manner of claiming the exemption is regulated by the Bankruptcy Act, and there can be no estoppel so long as the bankrupt is afforded a remedy in pursuance of such act. The cases of In re Boyd (C. C.) 120 Fed. 999, and In re Phillips (D. C.) 209 Fed. 490 are without application.

These considerations lead to an affirmance of the order and judgment of the court below, and it is so ordered.