(No. 5248. September 27, 1929.)

DAVID ASLETT, Respondent, v. D. H. EVANS and H. W. HENDERSON, Sheriff, etc., Appellants.

[280 Pac. 1036.]

Witty & Anderson, for Appellants.

B. W. Davis, for Respondent.

BUDGE, C. J.—Respondent brought this action to recover for a quantity of hay sold under execution of a judgment theretofore obtained against him by appellant Evans,

claiming the hay was exempt from execution under the provisions of C. S., sec. 6920, subd. 3. Said section and subdivision provide in pertinent part that a farmer is entitled to claim exemption on four horses, and food for such horses for six months. On appeal from a judgment in favor of respondent, after trial of the cause to the court, it is contended by appellants that respondent had the burden of proving, and that the evidence lacks sufficiency in the findings of the court, that respondent was a farmer, the owner of four horses, and had the hay in question for the feeding of said horses.

The evidence shows without dispute that for many years respondent had been engaged in the occupation of farming but at the time of the sale of the hay under execution ·was dispossessed of his farm property by reason of foreclosure proceedings against it. Respondent testified that he intended again to take up farming, and it was testified by a witness for appellants that respondent was thereafter known to be living on a farm and had been seen working there. It being abundantly established by the evidence that respondent had for years made farming his principal occupation and intended to· do so again, after having lost his property, the mere fact that he was not so engaged at the time of the levy and sale of his hay would not deprive him of his exemption right. (*State v. McNeill,* 58 Wash. 47, 137 Am. St. 1038, 107 Pac. 1028.) "A person who earns his living by farming is a farmer, within the meaning of the exemption laws, although he does not own a farm nor have one leased, and is not doing any specific thing as a farmer on the particular day on which an execution is levied upon his property." (11 R. C. L., p. 498, sec. 7.)

In *Cleveland v. Andrews,* 5 Ida. 65, 95 Am. St. 165, 46 Pac. 1025, two horses purchased by plaintiff with the expectation of engaging in the business of a teamster or drayman had been seized under a writ of attachment issued against him, and he brought an action seeking their return upon the ground that they were exempt from execution under the statute allowing the exemption of two horses by

the use of which a drayman or teamster habitually earns his living. The court observed that although at the time the horses were seized plaintiff was not then actually engaged in the business of a drayman or teamster he was acting in good faith in intending so to engage in such business or vocation, and that the case came within the spirit and intent of the exemption statute.

There is sufficient evidence to support the finding that respondent was the owner of four horses, and under the well-known rule in such circumstances the finding will not be disturbed.

Appellants lay stress upon the statement of respondent that, while he was feeding the hay in question to his horses, he would have sold it and bought other hay at the place to which he expected to move. It is undisputed that respondent was feeding the hay to his horses; that he would have sold what remained of it and purchased other hay for the same purpose at another point some distance away, where he was going to live and continue in his occupation of farming, cannot, we think, under the liberal construction to be given to the exemption statutes (*Coughanour v. Hoffman's Estate*, 2 Ida. 290, 13 Pac. 231; *Elliot v. Hall*, 3 Ida. 421, 35 Am. St. 285, 31 Pac. 796, 18 L. R. A. 586; 11 R. C. L., p. 492, sec. 4) be assigned as a reason for the disallowance of the exemption claimed.

In the case of *Voss v. Goss*, 73 Kan. 120, 117 Am. St. 457, 84 Pac. 564, relied upon by appellants, it was contended that the claimant was entitled to exemption upon a quantity of wheat as food for his horses, but which he intended to sell and buy other grain. As in our statute, the exemption there covered "food" for stock—it was not the custom to feed wheat to horses—and the court stated that if this contention were allowed, the claimant could on the same principle be entitled to claim the same amount of any other personal property to be sold for the same purpose. In the instant case the product involved is known to be the usual food for horses, it was being used as such, and if sold

the proceeds would have been converted into food of a like kind.

We find no error in the record, and the judgment is therefore affirmed; costs to respondent.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.