[No. 7,227—Department One.]
December 15, 1882.

JAMES DOVE et al. v. MATTHEW NUNAN.

62  399
77  195

Exemption from Execution—Horses and Wagon of Teamsters—Execution—Trover—Sheriff.—The plaintiff claimed the property consisting of two horses and a wagon as exempt from execution. The Court below found that "the plaintiffs were and are a firm doing business as coal dealers. * * * That the plaintiffs used the property sued for as teamsters. That they hauled coal and other commodities for others, for hire and pay, and received money therefor; all of which was expended in the support of plaintiffs and their families, all of whom resided in the same house and ate at the same table. That as coal dealers, and for the purpose of delivering coal at retail and in small quantities, the plaintiffs had and owned a smaller cart, truck, or wagon, and one other horse. That the only use which the plaintiffs made of the wagon and horses, the subject of this suit, for themselves, other than as teamsters for pay, was in hauling coal and wood from plaintiffs' coal yard, and other coal and wood yards, to the place where the plaintiffs retailed the same, as above found herein.

Held: The findings are not sufficient to show that the property is exempt. In order to entitle a party to claim as exempt from execution two horses, etc., under the sixth subdivision of Section 690, C. C. P., he must show that he is a cartman, drayman, truckman, huckster, peddler, teamster, or other laborer, and that he habitually earns his living by the use of such property.

Appeal by defendant from the judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. Daingerfield, J.

Action for the conversion of personal property. The defendant, as Sheriff of the City and County of San Francisco, justified under writs of attachment, judgments, and executions in three several actions against the plaintiffs in this action, under which executions the property alleged to have been converted was sold by him, and the proceeds of such sale applied towards the satisfaction of the judgments. The other facts are stated in the opinion of the Court.

*Charles F. Hanlon* and *L. H. Van Shaick,* for Appellant.

This is a parallel case with *Brusie* v. *Griffiths,* 34 Cal. 302. See also, *Calhoun* v. *Knight,* 10 id. 393.

*A. W. Thompson,* for Respondents.

Ross, J.:

The property in controversy consists of two horses and a wagon, and is claimed by the plaintiffs to have been exempt from execution by virtue of the sixth subdivision of· Section 690 of the Code of Civil Procedure.

The Court below found that "the plaintiffs were and are a firm doing business as coal dealers. * * * That the plaintiffs used the property sued for as teamsters. That they hauled coal and other commodities for others, for hire and pay, and received money therefor; all of which was expended in the support of plaintiffs and their families, all of whom resided in the same house and ate at the same table. That as coal dealers, and for the purpose of delivering coal at retail and in small quantities, the plaintiffs had and owned a smaller cart, truck, or wagon, and one other horse. That the only use which the plaintiffs made of the wagon and horses, the subject of this suit, for themselves, other than as teamsters for pay, was in hauling coal and wood from plaintiffs' coal yard, and other coal and wood yards, to the place where the plaintiffs retailed the same, as above found herein." The fact that the plaintiffs used the horses and wagon in question as teamsters for hire, and that they expended the money thus received in the support of themselves and their families, did not exempt the property from execution. In order to entitle a party to claim as exempt from execution two horses, etc., under the sixth subdivision of Section 690, he must show that he is a cartman, drayman, truckman, huckster, peddler, teamster, or other laborer, *and that he habitually earns his living* by the use of such horses, etc. (C. C. P., § 690; *Brusie v. Griffiths*, 34 Cal. 302.) The findings in this case do not show that state of facts.

Judgment and order reversed.

McKINSTRY and McKEE, JJ., concurred.