Argued Oct. 30, decided Nov. 14 ; rehearing denied Dec. 12, 1911.

## GOLLNICK v. MARVIN.

[118 Pac. 1016.]

EXEMPTIONS—TOOLS OF BUSINESS.
1. Where a debtor's team, necessary to enable him to carry on his trade, occupation, or profession, is exempted from levy, his occupation at the time his property is seized is the best test of his right to exemption, and it is not necessary that it should have been in actual use at the time of the seizure, if it is kept by the owner with intent of employing it within a reasonable time to procure a livelihood.

EXEMPTIONS—BURDEN OF PROOF.
2. The burden of proof to substantiate a right to an exemption of property from a forced sale is on the claimant.

EXEMPTIONS—TEAM OF DEBTOR—OCCUPATION.

3. Plaintiff having been engaged in farming purchased a team, and had made some preparation to cultivate a tract of leased land. He had never had possession of the horses when they were levied on, and there was some testimony that he intended to trade them to his brother-in-law, and other evidence that he intended to use them on land that his wife had inherited. *Held* insufficient to show that the team was necessary to enable plaintiff to carry on his business, by which he habitually earned a living, so as to render the same exempt under statute, providing for an exemption of the debtor's team, if necessary to his use in the exercise of his business, etc.

From Wallowa: JOHN W. KNOWLES, Judge.

Statement by MR. JUSTICE MOORE.

This is an action of replevin by W. J. Gollnick against Edgar Marvin. The complaint alleges, in effect, that at all the times stated therein plaintiff was the owner and entitled to the immediate possession of two horses, particularly describing them, each of the value of $195; that on March 20, 1911, defendant wrongfully took possession of the animals in Wallowa County, and two days thereafter, upon demand therefor, he declined and still refuses to deliver them to plaintiff; and that the horses are well broken and suitable for farm work, in which their earning capacity is $2.00 a day. Judgment was demanded for the possession of the horses, or, if they could not be secured, for the recovery of $390, their alleged value, and $2.00 a day as damages for their detention.

The answer admitted the demand alleged, but denied all other averments of the complaint. For a further defense it was alleged that defendant was the sheriff of that county; that an action was commenced in the circuit court thereof, by the Wallowa National Bank against Gollnick, to recover money, and a writ of attachment having been issued in that action, defendant, by virtue thereof, obtained possession of the horses, the cost of keeping which was so great he was compelled to sell them in the manner prescribed by law, realizing therefor $440; and that obedience to the writ constituted the taking and detention set forth in the complaint.

The reply denied the allegations of new matter in the answer, and alleged that plaintiff was engaged in farming, by which occupation he had habitually earned a living; that the horses were necessary to enable him to pursue his business, and their reasonable value did not exceed $400; that on March 22, 1911, plaintiff notified defendant that he claimed the team as exempt from attachment and execution, and demanded their immediate possession, but defendant refused to deliver them, and thereafter pretended to have sold them for $440; that such disposal was not *bona fide* in excess of $400, and by reason thereof he is estopped from asserting or proving that their value was greater than the sum last named.

Based on these issues the cause was tried, and, judgment having been rendered for plaintiff in the sum of $365, as the value of the horses, and $54, as the damages sustained by their detention, defendant appeals.

REVERSED.

For appellant there was a brief over the names of *Messrs. Sheahan & Cooley* with an oral argument by *Mr. A. S. Cooley.*

For respondent there was a brief with an oral argument by *Mr. O. M. Corkins.*

MR. JUSTICE MOORE delivered the opinion of the court.

It is contended that the testimony given by plaintiff's witness did not show that he was entitled to the possession of the horses as property exempt from execution, and by reason thereof an error was committed in refusing to grant a judgment of nonsuit. The testimony discloses that in 1909 Gollnick came with his family to Wallowa County, Oregon, where he leased a farm, which he cultivated. He purchased in that county a tract of land, which he conveyed to H. C. Laird in exchange for four horses, but having no feed for them they were left with Laird, who, pursuant to the service of a copy of a writ

of attachment and of a notice specifying the property, surrendered the animals to the defendant herein. The sheriff was thereupon served with a written demand for the immediate possession of the horses, on the ground that they were exempt from levy and sale, for that they were necessary to enable Gollnick to carry on the occupation of farming, in the pursuit of which he had habitually earned a living for himself and his family. The horses were not surrendered, however, but were sold as alleged in the answer.

It also seems that soon after the attachment of the animals Gollnick left Oregon and went to California; but it does not appear what business he is pursuing in the latter state, but is it clearly indicated what use he intended to make of the horses he claimed as exempt from execution. Laird testified that Gollnick stated he had a brother-in-law at Walla Walla, Washington, who wanted to trade for horses to use in the dray business, saying that four head were needed for that purpose. This witness further said that the plaintiff herein declared that his wife expected to fall heir to 200 acres of land near Pendleton, Oregon, and that if she inherited it, he wanted the horses to use in cultivating the tract. Laird also stated upon oath that Gollnick never had actual possession of either of the horses, and he understood from the plaintiff that he intended to go to the State of Washington when a sale of his land was effected.

The material part of the statute rendering certain chattels immune from levy or sale, without the owner's consent, are as follows:

"The following property shall be exempt from execution, if selected and reserved by the judgment debtor or his agent at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to him, and not otherwise: * * 3. The * * team * * necessary to enable any person to carry on the trade, occupation or profession by which such person habitually earns his

living, to the value of $400.00. * * The word 'team' in this subdivision, shall not be construed to include more than one yoke of oxen or a span of horses or mules, as the case may be." Section 227, L. O. L.

1. A person's occupation at the time his property is seized for the payment of his debts affords the test of his right to the exemption which the statute sanctions. *Ray* v. *Hayes,* 28 La. Ann. 641. In order to render a horse exempt from attachment, it is not necessary that the animal should have been used when it was seized by an officer, for if its owner keeps it with the honest intention of employing it within a reasonable time to enable him to procure a livelihood he is entitled to the immunity which the law furnishes, and the future intended use is as controlling upon the question of exemption as the past employment: *Rowell* v. *Powell,* 53 Vt. 302; *Steele* v. *Lyford,* 59 Vt. 230 (8 Atl. 736).

2, 3. The burden of proof to substantiate a right to an exemption of property from an enforced sale, devolves upon the claimant who asserts an exercise of the privilege which the statute grants to debtors to enable them to support themselves and their families: *Porch* v. *Arkansas Milling Co.,* 65 Ark. 40 (45 S. W. 51: 67 Am. St. Rep. 895) ; *Murphy* v. *Harris,* 77 Cal. 194 (19 Pac. 377). It was incumbent upon the plaintiff herein to establish the fact by competent evidence that he habitually earned his living by farming, in which occupation the use of the demanded horses was necessary. *Dove* v. *Nunan,* 62 Cal. 399. Though Gollnick had been engaged in farming, in the pursuit of which occupation the use of a team was essential, if he had obtained the horses in question for speculative purposes, they were not exempt: *Boyle* v. *Walsh,* 105 Mich. 237 (63 N. W. 435).

The evidence disclosed that, prior to the attachment of the horses, the plaintiff had been engaged in farming, and that he had made some preparation for cultivating

a tract of land which he had leased. It will be remembered that he never had possession of the horses in question, and for that reason no inference or presumption could arise from an exchange of property that he intended to use the team for any particular purpose. It might seem from Laird's testimony that Gollnick expected to sell or trade the horses to his brother-in-law, at Walla Walla, Washington, and if so they were evidently obtained in contemplation of speculation; and were not exempt from execution. Laird was told by plaintiff that if his wife inherited real property near Pendleton, Oregon, he would use the horses in cultivating the land. From this testimony it is impossible correctly to deduce a finding as to plaintiff's intention respecting his disposal or use of the team. He was in California when this cause was tried, but his deposition could have been secured; and, as his intention could have clearly been determined from his sworn declarations, there was a failure of proof as to a material fact, and an error was committed in refusing to grant the judgment of nonsuit.

The defect in this respect was not cured by the testimony introduced by the defendant, and such being the case it affirmatively appears that there is no evidence to support the verdict, and it is impossible to say with certainty what judgment should have been rendered, as required by the organic act, Section 3, Article VII, Constitution of Oregon, as amended November 8, 1910. Laws 1911, p. 7.

As it is impossible to remedy the defect to which attention has been called, the judgment is reversed, and the cause remanded for such further proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.