IN THE

# SUPREME COURT

OF

# OREGON.

---

Submitted on brief May 2, affirmed June 6, 1916.

## CHILDERS v. BROWN.*

(158 Pac. 166.)

**Exemptions—Construction of Statute.**

1. Since exemption statutes are remedial in character, they are given a liberal construction.

**Exemptions — Property Exempt—Construction of Statute—"Necessary"—"Occupation."**

2. Under Section 227, L. O. L., as amended by Laws of 1915, page 27, making the team, vehicle, harness, etc., necessary to enable any person to carry on the trade, occupation or profession by which he habitually earns his living exempt from execution, the term "necessary" signifies "reasonably necessary" or "convenient" or "suitable," and does not mean "indispensable" or "absolutely necessary"; and standing alone, the word "occupation" means the principal business of one's life, habitual or stated employment, vocation, calling, trade, the business in which one principally engages to secure a living, the employment by which he generally gets his living, and includes any employment in which a person is engaged to procure a living.

**Exemptions—Construction of Statute—Occupation.**

3. Under such statute, it is not essential that the property should have been used exclusively to carry on the occupation by which one habitually earns his living, because an occasional use for other purposes will not defeat his right to exemption; and such right is not lost if the owner is not actually using the property in his occupation at the very time of the levy, or if temporarily, he is not engaged in his

---

*As to the purposes for which horses are used as affecting exemption under the statute specifically exempting horses from execution or attachment, see note in 3 L. R. A. (N. S.) 693. And as to what is a trade, occupation or business within exemption laws, see note in L. R. A. 1915F, 916.                    REPORTER.

occupation, and is preserved if he honestly intends to use the property within a reasonable time to carry on his occupation.

### Exemptions—Horse, Vehicle, Harness, etc.—Construction of Statute.

4. Under Section 227, L. O. L., as amended by Laws of 1915, page 27, exempting from execution a team, vehicle, harness, etc., necessary to enable anyone to carry on the occupation by which he habitually earns his living, the debtor may select and reserve a team, vehicle and harness without being obliged to show that he has no other like property, or to point out other property to the sheriff, even though he owns additional property of the same kind, and the debtor, if owning more than two horses, may select any two.

### Exemptions—Construction of Statute—Assertion of Exemption—"At" —"As Soon As."

5. Under Section 227, L. O. L., as amended by Laws of 1915, page 27, exempting from execution a team, vehicle, harness, etc., necessary to enable one to carry on his occupation, if selected and reserved by the judgment debtor at the time of the levy or as soon thereafter before sale as it shall be known to him, a failure to select exempted property at the exact time of the levy, even though the debtor is present, will not alone operate as a waiver of his right, as the word "at," when used in reference to time, does not always mean the exact moment or day, but may express nearness and proximity, and consequently may denote a reasonable time, and as the words "as soon as" likewise have a restricted and an unrestricted signification; so that the debtor, if he acts before sale, may assert his right of exemption within a reasonable time after the levy becomes known to him, whether he was present or absent at the time of the seizure.

### Exemptions—Waiver.

6. The right of exemption from execution is a privilege which may be waived by the consent of the debtor, or by his failure to assert his rights.

### Exemptions—Right to Exemption—Burden of Proof.

7. A sheriff's seizure on attachment cannot be avoided, unless the debtor alleges and proves a situation bringing the property within the exemption statute, and avers and establishes every fact essential to the exemption.

### Pleading—Defects—Reply—Aider by Verdict.

8. In replevin for a team, wagon and harness attached by defendant sheriff, the taking of which was justified by his answer, a reply claiming an exemption and right to a return of the property under the statute (Section 227, L. O. L., as amended by Laws of 1915, page 27), exempting from execution a team, vehicle, harness, etc., necessary to enable one to carry on the occupation by which he habitually earns his living, showing that the property was being used by plaintiff for the purpose of earning a living for the support of his family, and that it was the only property of the kind which he could use, and that it had been habitually used for that purpose, was sufficient after verdict.

### Trial—Cautionary Instruction—Discretion of Court.

9. Refusal of a cautionary instruction is within the discretion of the trial court.

**Trial—Requested Instructions—Given Instructions.**

10. Requested instructions, given in substance, were properly refused.

**Appeal and Error—Question of Fact—Review.**

11. The verdict of the jury on conflicting evidence forecloses any inquiry into the credibility of the witnesses or the weight of their testimony.

> [As to exemption of tools and implements from execution, see note in 123 Am. St. Rep. 139.]

From Malheur: DALTON BIGGS, Judge.

In Banc.    Statement by MR. JUSTICE HARRIS.

J. I. Myers commenced an action to recover money from James H. Childers, and on the next day, November 24, 1915, caused Ben J. Brown, the sheriff of Malheur County, to attach and take into his custody a team, wagon and harness owned by Childers. On December 10, 1915, Childers commenced this action to replevin the attached property by filing a complaint which contains the usual allegations.

The answer justifies the taking by averring the attachment. The reply seeks to avoid the effect of the attachment by claiming that the property is exempt from seizure. To support the claim of exemption and right to a return of the property, the reply avers:

"That on the twenty-fourth day of November, 1915, the date on which said personal property described in the complaint and answer were wrongfully and unlawfully taken from the possession of plaintiff, and for some time prior thereto, the said team of geldings, logging harness and Studebaker wagon described in the complaint herein, were being used by the plaintiff for the purpose of earning a living for the support of his family, and were and are habitually used for such purpose by plaintiff, and were and are the only personal property of such nature whereby the plaintiff could earn a living for the support of his family. That on the twenty-fourth day of November, 1915, the plaintiff duly notified the defendant that he claimed

said personal property and the whole thereof as exempt from attachment and execution, under the laws of the State of Oregon, and prior to the commencement of this action, and as soon as plaintiff could secure legal services, he served on the defendant a written affidavit under oath demanding the release of said property and the whole thereof, for the reason that said property was habitually used by him in making a living for himself and family, and claimed the whole of said property as exempt from attachment and execution, and that said property was and is exempt from attachment and execution, under and by virtue of the laws of the State of Oregon, and any taking of said property and the whole or any part thereof by defendant, whether acting under a writ of attachment or otherwise is wrongful and unlawful, for the reason that said property is exempt from attachment and execution, and said sheriff, defendant herein, has full and complete instructions under any writ of attachment issued to him, not to attach or levy upon any exempt property, made so by the laws of the State of Oregon, but defendant did then, ever since has, and does now refuse to return said property to plaintiff."

The defendant demurred to the new matter appearing in the reply "on the grounds that the same does not state facts sufficient to constitute a defense to the defendant's answer or to any part thereof." The demurrer was overruled, and after a trial the verdict of the jury and judgment of the court were against the defendant, who has appealed.

Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellant there was a brief over the names of *Mr. H. C. Eastman* and *Messrs. Smith & Smith.*

For respondent there was a brief submitted by *Mr. Ralph W. Swagler.*

MR. JUSTICE HARRIS delivered the opinion of the court.

"The principal issues," quoting from the abstract of record filed by defendant, "are: Does the new matter set up in the reply plead statutory exemption? And, was the judgment based on sufficient evidence?" The questions can best be answered by first directing attention to the language of the statute and noting its scope and meaning.

1, 2. The material part of the statute, which measures the rights of the plaintiff, reads thus:

"All property * * of the judgment debtor, shall be liable to an execution, except as in this section provided. The following property shall be exempt from execution, if selected and reserved by the judgment debtor or his agent at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to him, and not otherwise: * * 3. The * * team, vehicle, harness * * necessary to enable any person to carry on the trade, occupation or profession by which such person habitually earns his living, to the value of $400": Chapter 13, Laws 1915, amending Section 227, L. O. L.

If the wagon, team and harness were necessary to enable Childers to carry on the occupation by which he habitually earned his living, then he was entitled to a return of the property, provided the claim of exemption was made at the time of the levy or as soon thereafter as it became known to him. Since exemption statutes are remedial in character, they are given a liberal construction: *Blackford* v. *Boak,* 73 Or. 61 (143 Pac. 1136); *Tishomingo Sav. Inst.* v. *Young,* 87 Miss. 473 (40 South. 9, 112 Am. St. Rep. 454, 6 Ann. Cas. 776, 3 L. R. A. (N. S.) 693). And this rule of construction must constantly be kept in mind when interpreting the words found in the statute.

The term "necessary," as it is used here, signifies "reasonably necessary" or "convenient" or "suitable," and it does not mean "indispensable," or, as contended by the defendant during the trial, "absolutely necessary": *Stewart* v. *McClung,* 12 Or. 431, 435 (8 Pac. 447, 53 Am. Rep. 374); *State* v. *Young,* 74 Or. 399, 407 (145 Pac. 647); *In re Parker,* 5 Sawy. 58, 61 (Fed. Cas. No. 10,724); 12 Am. & Eng. Ency. of Law (2 ed.), 132; 18 Cyc. 1418.

Standing alone, the word "occupation" means: "The principal business of one's life": Webster Dict. "Habitual or stated employment": Cent. Dict. "Vocation, calling, trade, the business in which one principally engages to secure a living, the employment by which one generally gets his living": 3 Words and Phrases (Second Series), 685; 29 Cyc. 1344. The term "occupation" is comprehensive in its signification and includes any employment in which a person is engaged to procure a living: 12 Am. & Eng. Ency. of Law (2 ed.), 105. The statute itself defines the term so as to include only the occupation by which a person "habitually earns his living," and therefore the team, wagon and harness were exempt if they were reasonably necessary, or convenient, or suitable to enable Childers to carry on the employment by which he habitually earned his living.

3. It is not essential that the property should have been used exclusively to carry on the occupation by which he habitually earned his living because an occasional use for other purposes will not defeat the right of exemption: 12 Am. & Eng. Ency. of Law, 132; *Stanton* v. *French,* 91 Cal. 274 (27 Pac. 657, 25 Am. St. Rep. 174); 11 R. C. L., p. 519. The right of exemption is not lost if the owner is not actually using the property in his occupation at the very time of the levy, nor is the privilege extinguished if the owner is tem-

porarily not engaged in his occupation: 12 Am. & Eng. Ency. of Law (2 ed.), 132; 18 Cyc. 1413. The exemption is preserved if the debtor honestly intends to use the property within a reasonable time to carry on his occupation: *Gollnick* v. *Marvin,* 60 Or. 312, 316 (118 Pac. 1016, Ann. Cas. 1914A, 243); *Cleveland* v. *Andrews,* 5 Idaho, 65 (46 Pac. 1025, 95 Am. St. Rep. 165).

4. The statute confers upon the debtor the right to select and reserve a team, vehicle and harness without being obliged to show that he has no other like property. There is no duty resting upon the debtor to prove that he has no other property nor to point out other property to the sheriff, even though he owns additional property of the same kind. If Childers owned more than two horses it was nevertheless his right to select any two horses he wished, and then protect them by exercising his right of exemption: *Thibault* v. *Lennon,* 39 Or. 280, 283 (64 Pac. 449, 87 Am. St. Rep. 657).

5, 6. A strict application of the language of the statute would require the debtor to assert his right of redemption "at the time of the levy" or "as soon" as the levy shall be known to him, but the words employed are softened and relieved of any undue severity when viewed in the light of the rule of liberal construction. While it is true that, as taught in *Harrisburg Lumber Co.* v. *Washburn,* 29 Or. 150, 161 (41 Pac. 390), the right of exemption is a privilege, which it must be conceded can be waived by the consent of the debtor or by his failure to assert his rights (12 Am. & Eng. Ency. of Law (2 ed.), 191; 11 R. C. L., p. 539), nevertheless a failure to select exempted property at the exact time of a levy, even though the debtor is present, will not alone operate as a waiver because the debtor has a reasonable time after he knows of the levy to claim his exemption. If the words "at the time of the

levy'' are given a strict construction, they would
signify the exact moment of the levy, and would indi-
cate ''simultaneousness,'' as distinguished from ''sub-
sequence,'' and therefore, within this severe meaning,
the debtor, if present at the time of the seizure, would
lose his right of exemption, unless he asserted his
claim at the very moment of the levy. When used in
reference to time, the word ''at'' does not always mean
the exact moment or day, but certainly in many, and
perhaps in most, instances it expresses nearness, close-
ness and proximity, and consequently may denote a
reasonable time: 5 C. J. 1427. The words ''as soon
as'' likewise have a restricted and an unrestricted
signification. The narrowed meaning would require
the debtor to act the very moment he learns of the
levy, while the broader interpretation would afford a
reasonable time. Obeying the teaching of precedents
and adopting the liberal, rather than the severe, mean-
ing, the language of the statute permits the debtor, if
he acts before sale, to assert his right of exemption
within a reasonable time after the levy becomes known
to him, whether he was present or absent at the time
of the seizure.

7. We now notice the objections made by the de-
fendant. Complaint is made because the demurrer to
the reply was overruled. At the outset it must be
premised that the seizure made by the sheriff cannot be
avoided, unless the plaintiff alleges and proves a
situation which brings the property within the exemp-
tion statute. The burden is on the claimant, and he
must aver and establish every fact essential to the
exemption: *Gollnick* v. *Marvin,* 60 Or. 312, 316 (118
Pac. 1016, Ann. Cas. 1914A, 243); *Thibault* v. *Lennon,*
39 Or. 280, 284 (64 Pac. 449, 87 Am. St. Rep. 657);
*Stewart* v. *McClung,* 12 Or. 431, 436 (8 Pac. 447, 53
Am. Rep. 374); 11 R. C. L., p. 558; 18 Cyc. 1493.

8. The sheriff argues that the reply is insufficient because it fails to allege that Childers had an occupation, or that the attached property was necessary to enable him to carry on such occupation, or that he selected the property at the time of the levy. It is true that the reply does not in so many words say that Childers had a defined occupation; but it does appear that the property was being used for the purpose of earning a living for the support of his family, that it was the only property of the kind which he could use, and that it had been habitually used for that purpose; and this is only a loose and defective way of saying that he had an employment by which he habitually earned his living, and therefore an occupation, and that the team, wagon and harness were necessary to enable him to carry on such occupation: See *Blackford* v. *Boak,* 73 Or. 61, 66 (143 Pac. 1136). The pleadings recite that the seizure was made on November 24, 1915, and the reply alleges that on the same day Childers notified the defendant that he claimed the personal property "as exempt from attachment and execution." While the reply is not a model pleading, still it contains enough to enable it to stand after verdict.

9. One assignment of error is predicated upon the failure of the court to give a cautionary instruction requested by the defendant. The court had a right to use his discretion: *Scheurmann* v. *Mathison,* 67 Or. 419, 424 (136 Pac. 330); *Nordin* v. *Lovegren Lumber Co.,* 80 Or. 140 (156 Pac. 587). After inspecting the record we cannot say that the trial judge abused the discretion vested in him, or that the defendant was injured in any way.

10. Other instructions requested by the defendant and refused by the court were either given in substance or properly refused, because containing expressions

inconsistent with the views stated here. No prejudicial error occurred during the trial.

11. There was evidence to sustain every material fact which the plaintiff was required to establish, and, while there was conflicting evidence, the verdict of the jury forecloses any inquiry into the credibility of the witnesses or the weight of their testimony.

The judgment is affirmed.        AFFIRMED.

MR. JUSTICE EAKIN absent.

———•———

Motion to dismiss appeal allowed June 13, 1916.