(December 5, 1923.)

GRANDVIEW STATE BANK, a Corporation, Respondent, v. J. S. TORRANCE, MARY B. TORRANCE, Respondents; THE COMMERCIAL AND SAVINGS BANK OF MOUNTAIN HOME, IDAHO, CHARLES H. STEWART, RUBY M. BRADY, DAN W. LATIMORE, JOHN BENHAM, and JOHN TURNER, Trustees of the Assets of the COMMERCIAL AND SAVINGS BANK OF MOUNTAIN HOME, IDAHO, Appellants.

[221 Pac. 145.]

CHATTEL MORTGAGE—FORECLOSURE—AFFIDAVIT OF GOOD FAITH—LACK OF—EFFECT AS TO SUBSEQUENT ENCUMBRANCER—ORAL EVIDENCE—MORTGAGE COVERING PROPERTY IN PART EXEMPT—EXECUTION BY HUSBAND ALONE—EFFECT OF—EXERCISE OF RIGHT OF EXEMPTION PRIOR TO FORECLOSURE.

1. The absence of a jurat to a purported affidavit of good faith accompanying a chattel mortgage renders it invalid as against a subsequent encumbrancer in good faith and for value.

2. The lack of the jurat cannot be supplied as against a subsequent encumbrancer by oral evidence that the mortgagor was sworn.

3. A chattel mortgage signed by the husband, and not by the wife, and covering property in part exempt and in part not exempt, is invalid only as to the exempt property.

4. Where a mortgage covering a crop of hay is signed only by the husband, but the mortgagor has the benefit of an amount of that hay equivalent to the amount exempt from execution, the lien of the mortgage can be enforced as to the balance.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Action to foreclose chattel mortgage. Judgment for plaintiff. *Affirmed.*

Watts & Beckwith, for Appellants.

The court below erred in rejecting the Mendiola mortgage because the officer failed to attach his name and seal to the affidavit of good faith. (2 Cyc. 27; *James v. Logan,* 82 Kan. 285, 136 Am. St. 105, 108 Pac. 81; *Hare v. Young,* 26 Ida. 691, 146 Pac. 107; *Cook v. Jenkins,* 30 Iowa, 452; *Bantley v. Finney,* 43 Neb. 794, 62 N. W. 213; *Woods v. Young Lumber Co.,* 107 Wash. 432, 181 Pac. 865; *Garner v. Arizona Egyptian Cotton Co.,* 22 Ariz. 318, 197 Pac. 231; *Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731; *First Nat. Bank of Clifton v. Clifton Armory Co.,* 14 Ariz. 360, Ann. Cas. 1915A, 1061, 128 Pac. 810.)

The respondent, Grandview State Bank, had no mortgage on the hay in controversy. (C. S., sec. 6374; *Kindall v. Lincoln Hardware & Imp. Co.,* 8 Ida. 664, 70 Pac. 1056; *Skinner v. First Nat. Bank of Winfield,* 83 Kan. 842, 66 Pac. 997; *Alexander v. Logan,* 65 Kan. 505, 70 Pac. 339; *Jackson v. Lambertson,* 71 Kan. 138, 80 Pac. 55; *Wickham v. Traders' State Bank,* 95 Kan. 657, 149 Pac. 433; *Babbitt v. Bent County Bank of Las Animas,* 50 Colo. 258, 108 Pac. 1003; *Boswell v. First Nat. Bank,* 16 Wyo. 161, 92 Pac. 624, 93 Pac. 661.)

The filing for record of appellant's mortgage in the proper office was constructive notice to respondent, Grandview State Bank. (*Cowden v. Finney,* 9 Ida. 619 , 75 Pac. 765; *Cowden v. Mills,* 9 Ida. 626, 75 Pac. 766; *Alferitz v. Scott,* 130 Cal. 474, 62 Pac. 735.)

Appellants' mortgage is a valid and enforceable mortgage as against the respondent, Grandview State Bank, and the mortgagors, as to description. (*Zinn v. Denver Livestock Co.,* 68 Colo. 274, 187 Pac. 1033; *McConnell v. Langdon,* 3 Ida. 157, 28 Pac. 403; *Perkins v. Alexander* (Tex. Civ. App.), 209 S. W. 789; *Luce v. Moorehead,* 173 Iowa, 498, 35 N. W. 598; *Bonneviere v. Cole,* 90 Wash. 526, 156 Pac. 527; *Mitchell v. Guaranty Farmers Grain & Milling Co.,* 51 Cal. App. 557, 197 Pac. 428; *Clemmons Power & Co. v. Metcalf,* 171 Ala. 101, 54 So. 208.)

Wm. Healy, for Respondent Grandview State Bank.

The description of the property covered by the mortgage of respondent is sufficient. (*Hare v. Young,* 26 Ida. 691, 146 Pac. 107; *Marchand v. Ronaghan,* 9 Ida. 95, 72 Pac. 731; *McGarry v. McConnell,* 82 Iowa, 732, 47 N. W. 866; *Bonneviere v. Cole,* 90 Wash. 526, 156 Pac. 527; 11 C. J. 457.)

The absence of a jurat from the affidavit attached to the Mendiola mortgage renders that mortgage void as against respondent. (*Reynolds v. Fitzpatrick,* 23 Mont. 52, 57 Pac. 452; *Hill v. Gillman,* 39 N. H. 88; *Woods v. Young Lumber Co.,* 107 Wash. 432, 181 Pac. 865; *People v. Burns,* 161 Mich. 169, 137 Am. St. 466, 125 N. W. 740; *DeGraw v. King,* 28 Minn. 118, 9 N. W. 636; *Alford v. McCormac,* 90 N. C. 151; *Alferitz v. Scott,* 130 Cal. 474, 62 Pac. 735; *First Nat. Bank v. Clifton,* 14 Ariz. 360, Ann. Cas. 1915A, 1061, 128 Pac. 810; 11 C. J. 487.)

The description of the property in the Mendiola mortgage is not sufficient to put third parties on notice that it was intended to cover the 1920 hay crop. (11 C. J. 458–462, 468; *McConnell v. Langdon,* 3 Ida. 157, 28 Pac. 403; *Cun-*

*ningham v. Alryan,* 69 N. J. Eq. 710, 61 Atl. 372; *Galveston v. Hill* (Tex. Civ.), 71 S. W. 797.)

A chattel mortgage executed by the husband alone on property in part exempt and in part not exempt is void only as to the exempt property. (*Watson v. Meade,* 98 Mich. 330, 57 N. W. 181; *Green v. McCrane,* 55 N. J. Eq. 436, 37 Atl. 318.)

A third person cannot impeach the validity of a chattel mortgage unless he is a subsequent purchaser or mortgagee or an attaching creditor.   (11 C. J. 491; *Ellingboe v. Brakken,* 36 Minn. 156, 30 N. W. 659.)

C. M. Kahn, for Defendants and Respondents J. S. Torrance and Mary B. Torrance.

McCARTHY, J.—This is an action to determine the relative rights, as chattel mortgagees, of respondent Grandview State Bank and appellant Commercial & Savings Bank in a quantity of hay raised by respondents Torrance in 1920. The hay was sold by agreement and the proceeds deposited with the clerk, to be paid in accordance with the decree. Appellants' claim is based on a chattel mortgage given in November, 1919, by respondents Torrance to one Mendiola, and by him assigned for value to the appellant bank. That bank failed and the individual appellants are its trustees. The respondent Grandview State Bank claims under a chattel mortgage dated June 18, 1920.

Appellants' mortgage is dated October 1, 1919, was acknowledged the ( ) day of November, 1919, and filed for record June 5, 1920.   There is attached to it what purports to be an affidavit of good faith signed by respondents J. S. and Mary B. Torrance, who were husband and wife.   There is no jurat attached to the affidavit.   O. E. Cannon, a notary public, was permitted to testify, over objection, that the affidavit was sworn to before him but he neglected to fill out and sign the jurat and affix his seal.   June 18, 1920, respondent J. S. Torrance executed and delivered to the respondent bank his note for $3,000 for money loaned, and

a chattel mortgage securing the same. This mortgage described the hay covered as situated in Owyhee county and was filed in Owyhee county. Some weeks later the mistake was discovered, a new mortgage executed correcting it, and duly filed for record in Ada county where the property was situated. The affidavit of good faith and acknowledgment, as well as the mortgage, were dated June 18th, the day of the original note and mortgage. The new note and mortgage were signed by J. S. Torrance but not by Mrs. Torrance. The latter covered, *inter alia*, "500 tons of alfalfa hay in stack and growing on my ranch." This was identified by the evidence as the hay in controversy. Respondent bank had no notice of appellants' mortgage until after its correction mortgage was filed. From a judgment for respondent bank foreclosing its mortgage, and granting it all of the proceeds of the mortgaged hay to be applied thereon, this appeal is taken.

Appellants claim that the mortgage of the appellant bank was valid, and should take precedence over that of the respondent bank. They also contend that they are at least entitled to the proceeds of the hay grown on 50 acres to the extent of $500, basing this claim on the facts that respondents Torrance were entitled to that much exemption, and the mortgage was not signed by the wife.

We do not find it necessary to pass upon all of the questions raised, but will confine ourselves to a consideration of a few, the decision of which is absolutely controlling.

Subdiv. 1, C. S., sec. 6375, provides as follows:

"A mortgage of personal property is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers of the property in good faith and for value, unless:

"1. It is accompanied by the affidavit of the mortgagor that it is made in good faith and without any design to hinder, delay or defraud creditors."

Judging from the findings and the conclusions of law the lower court held that appellants' mortgage was void as against respondent bank because it was not accompanied by

an affidavit of good faith. A jurat was necessary in order to constitute such an affidavit and it was totally lacking. The district court did not err in so holding. The oral evidence to take the place of the jurat was not admissible. It has been held in some cases that affidavits in judicial proceedings, such as affidavits for attachment or for service by publication, may be amended, and where the jurat is lacking it may be shown that the parties were sworn. We have been referred to no such decision in the case of a chattel mortgage. On the contrary it is uniformly held that a jurat to the affidavit of good faith is essential to the validity of such a mortgage against subsequent encumbrancers and that the lack of it cannot be supplied by such oral evidence. (*Reynolds v. Fitzpatrick,* 23 Mont. 52, 57 Pac. 452; *Hill v. Gilman,* 39 N. H. 88; *People v. Burns,* 161 Mich. 169, 137 Am. St. 466, 125 N. W. 740; 11 C. J. 487.)

"From the manner in which the case is drawn we must understand that the oath had in fact been administered; but of this the creditor had no knowledge, and the case so finds. The record gave him notice of the existence of a mortgage, without the affidavit required by statute; such a mortgage as would have been good under the act of 1832, or such as was good between the parties at the time it was executed. But the record was not notice of the existence of a mortgage executed and recorded according to the requirements of the statute, but of one which was, by the express provisions of law, invalid as to creditors." (*Hill v. Gilman,* 39 N. H. 88.)

"Creditors going to the files and records of a county, and finding a mortgage like the one under examination, would at once conclude that no oath had been administered to the parties; hence that the mortgage was not such as the law required. On principle, therefore, this mortgage cannot be held valid as against *bona fide* creditors, without ignoring the statute, and it was properly excluded." (*Reynolds v. Fitzpatrick,* 23 Mont. 52, 57 Pac. 452.)

We conclude that the mortgage of appellant bank was invalid as against a subsequent encumbrancer in good faith

and for value. The evidence shows respondent bank to have been such. Unless its mortgage was void it was therefore entitled to prevail.

The description of the hay was somewhat indefinite but was sufficient as between the parties with the aid of the identifying evidence. Appellants contend the mortgage was invalid because the acknowledgment was taken before an officer of the respondent bank. If the mortgage was valid as between the parties that is sufficient and acknowledgment was not essential to that. (*Boswell v. First Nat. Bank,* 16 Wyo. 161, 92 Pac. 624, 93 Pac. 661.) It is therefore unnecessary to pass upon this question. C. S., sec. 6374, provides:

"No personal property of either husband or wife, that is exempt by law from execution, shall be mortgaged by either husband or wife without the joint concurrence of both."

Under subdiv. 3 of C. S., sec. 6920, the Torrances were entitled to the following exemption: 4 oxen, or 4 horses or 4 mules, to be selected by the claimant, and feed for them for 6 months; also the crops growing or grown on 50 acres of land not to exceed in value $500. The hay in controversy was grown on more than 50 acres, and exceeded $500 in value. This court has held that a mortgage executed by the husband alone on chattels, which are exempt from execution, creates no lien thereon. (*Kindall v. Lincoln Hardware etc. Co.,* 8 Ida. 664, 70 Pac. 1056.) In the present case the property covered by the mortgage is in part exempt and in part not exempt. In such case the mortgage is invalid only as to the exempt property. (*Watson v. Mead,* 98 Mich. 330, 57 N. W. 181; *Green v. McCrane,* 55 N. J. Eq. 436, 37 Atl. 318.) Conceding for the sake of argument, but not deciding, that the question of the debtor's right to an exemption can be raised by a creditor or encumbrancer rather than by the debtor himself, it was certainly incumbent upon appellants to show that the exemption obtained. (*Childers v. Brown,* 81 Or. 1, Ann. Cas. 1918D, 170, 158 Pac. 166; *McMasters v. Alsop,* 85

Ill. 157; *Green v. McCrane, supra.*)   The evidence does not show how much of the hay, if any, was necessary as feed for any stock which the Torrances possessed.  The court found, and the finding is supported by the evidence taken as a whole, that the Torrances prior to the sale of the hay had used out of the 1920 hay crop covered by the mortgage approximately 75 tons of hay with a market value in excess of $500.  This being true, it appears that they had the use of, and enjoyed the benefit of, hay in excess of the exemption.  As against respondent's mortgage, this constituted an exercise of the right of exemption, and the Torrances were entitled to nothing more.  What we say here must not be understood as applying to a case where a debtor has used hay, and an attachment or execution is afterward levied.  That question is not before us.

The judgment is affirmed, with costs to respondent bank.

Dunn, William A. Lee and Wm. E. Lee, JJ., concur.