HENRY J. HANSEN, Appellant, v. JOHN C. ROSS, Sheriff, Respondent.

(217 N. W. 657.)

**Sheriffs and constables — party suing sheriff for levying on property has burden to prove property is exempt.**

In an action against a sheriff for damages for levying an execution upon, and selling, exempt property, the plaintiff has the burden of proving that the property was exempt.

Opinion filed February 10, 1928.    Rehearing denied February 24, 1928.

Exemptions, 25 C. J. § 293 p. 152 n. 70; § 304 p. 158 n. 80; § 314 p. 161 n. 55. Sheriffs and Constables, 35 Cyc. p. 1831 n. 26; p. 1843 n. 33.  Trover and Conversion, 38 Cyc. p. 2078 n. 77.

From a judgment of the District Court of Cass County, *Englert, J.,* plaintiff appeals.

Affirmed.

*W. J. Courtney,* for appellant.

*William Barclay,* and *C. S. Shippy,* for respondent.

CHRISTIANSON, J.   Plaintiff brought this action to recover damages for the alleged conversion of four hundred bushels of wheat.   In his complaint, the plaintiff alleges that he was the owner, and entitled to the possession, of such wheat; that the defendant, as sheriff of Cass county, seized such grain "under a levy" on August 12, 1925, and took the same from the possession of the plaintiff; that the grain so seized was exempt from seizure and sale upon execution; that on the 15th day of August, 1925, plaintiff prepared and served a claim of exemptions; that on that date plaintiff was the head of a family and entitled

to claim exemptions as such; that the defendant refused to return the property to the plaintiff and sold the same.

The defendant, in his answer, admits that he seized the grain, as sheriff of Cass county; and alleges that the seizure was made under an execution upon a judgment against the defendant. The answer sets forth in full, the proceedings had under the execution.

The issues thus framed were tried to the court, without a jury, and resulted in judgment in favor of the defendant for a dismissal of the action, and plaintiff has appealed.

An examination of the record on appeal discloses that no witnesses were examined. Aside from certain facts admitted or stipulated, the only evidence adduced upon the trial consisted of plaintiff's claim of exemption; the return of the sheriff upon the execution, and a certified copy of the petition and schedules and of the order of the referee in bankruptcy, setting aside exemptions in the "matter of Henry J. Hanson, bankrupt." The material facts established by the evidence are as follows: On January 28, 1925, the Colgate State Bank recovered a judgment in the district court of Cass county against the plaintiff Henry J. Hansen, in the sum of $1,404.40. On the 10th day of August, 1925, the plaintiff in that case caused an execution to issue upon the judgment. The execution was delivered to the defendant Ross, the then sheriff of Cass county, who, under and by virtue of the execution, levied upon certain grain grown by the plaintiff in the year 1925. On August 15, 1925, the plaintiff filed his claim of exemption with the defendant sheriff. The defendant refused to surrender the grain. Later some of the grain was released to persons holding chattel mortgages thereon. On October 16, 1925, the sheriff sold the wheat in controversy here, and, realized upon the sale—after deducting all expenses incident to threshing, etc.—the sum of $314.86, which was turned over to the judgment creditor. On December 3, 1925, plaintiff was adjudged a bankrupt. In his schedule he claimed as exempt personal property as follows, to wit: "600 bushels of barley; 600 bushels of oats; seventeen pigs; hay, twenty tons; seven head of horses, subject to mortgage; eight cows, subject to mortgage; clothing; furniture," and stated the value of such property to be $1,300. No trustee was appointed in the bankruptcy proceeding, and the referee in bankruptcy made an order setting apart to the plaintiff as exempt the property so

claimed. The schedules in bankruptcy did not list as an asset the wheat involved in this action; nor did it list as an asset any alleged cause of action against the sheriff for the value of such wheat. On February 6, 1926, the plaintiff instituted the above entitled action for the alleged conversion of said wheat. In a memorandum opinion the trial court said:

"The plaintiff did not take the stand to testify, or in any way point out why the grain levied upon by the sheriff was exempt. If the exemptions set apart by the referee in bankruptcy are added to those claimed in this action, they would amount to more than the law allows, as personal property exemptions. From the evidence in this case, therefore, the court is not in a position to determine why the plaintiff is entitled to double exemptions. If there is any reason why the plaintiff is entitled to the exemptions claimed in this action, and the exemptions claimed in the bankruptcy court, the evidence does not disclose the same.

"In the case of Gollnick v. Marvin, 60 Or. 312, 118 Pac. 1016, Ann. Cas. 1914A, 243, the court said:

" 'The burden of proof to substantiate a right to an exemption of property from an enforced sale, devolves upon the claimant who asserts an exercise of the privilege which the statute grants to debtors to enable them to support themselves and their families.' . . . Has he (plaintiff) met the burden required of him by the law to satisfy the Court, by a fair preponderance of the evidence, that the property here claimed was in fact exempt? In my opinion, the evidence falls far short."

The record in the case fully justifies the conclusion reached by the trial court. The sole basis of plaintiff's action is that certain exempt property was seized and sold under execution. There is no contention that there was not a valid judgment or a valid execution or that any of the proceedings had thereunder were irregular. The proceedings under the execution were all completed and the proceeds of the sale paid over to the judgment creditor more than a month before plaintiff was adjudged a bankrupt. Hence, the bankruptcy proceeding is of no controlling effect. 4 Remington, Bankr. § 1910, p. 753. The sole question is whether the property levied upon and sold was exempt. The plaintiff had the burden of establishing that it was exempt (11 R. C. L. p. 458; 25 C. J. pp. 152, 158 et seq.; 35 Cyc. 1831. See also 38 Cyc.

2078), and this, as pointed out by the trial judge in his memorandum opinion, he failed to do. The judgment appealed from is clearly right and must be affirmed. It is so ordered.

NUESSLE, Ch. J., and BIRDZELL, BURKE, and BURR, JJ., concur.