In the Matter of Donald Allen CANUTT, Bankrupt.

No. B66–3095.

United States District Court
D. Oregon.

Feb. 2, 1967.

Russell M. Dickson, Portland, Or., for bankrupt.

Ronald A. Watson, Portland, Or., trustee.

## ORDER

KILKENNY, District Judge.

Before me for review is the opinion and order of the Honorable Folger Johnson, Jr., Referee, holding that certain horses of the bankrupt are exempt under the provisions of ORS 23.160, as amended by the 1965 Oregon Legislature.

The entire record is before me. I am in complete agreement with the carefully prepared and well reasoned opinion of the Referee. His opinion and order must be sustained for the reasons and on the grounds therein stated.

The cause is remanded to the Bankruptcy Court for further proceedings in compliance herewith.

## REFEREE'S OPINION AND ORDER THEREON

FOLGER JOHNSON, Jr., Referee in Bankruptcy.

This matter came before the Court upon the bankrupt's objection to the trustee's exemption report wherein the trustee denied bankrupt's claim of exemption to two horses. These horses were used for riding purposes and not for farm use in obtaining a livelihood. The trustee, Ronald A. Watson, contended that such horses are a luxury and an expense to feed and keep. They need saddles and accessories not included in the exemption statutes, and horses themselves are not mentioned in such statutes except where used as a team with harness. Since the bankrupt does not live on a farm, the horses could not be used for any helpful purpose.

The bankrupt, through his attorney Russell M. Dickson, contended that such horses are now exempt as domestic animals regardless of use, since the combined value does not exceed the $300 statutory limitation in ORS 23.160.

The trustee replied that, since horses were not previously covered as exempt animals, the change of wording in the statute to refer to "domestic animals" instead of sheep, cows and swine, was merely intended to cover under one term the type of animals formerly exempt and not to enlarge the scope of the statute. Briefs were submitted by both parties and oral arguments made. The Court requested further briefs on the meaning of the term "family use" in the statute but neither party has submitted such a brief and further delay in resolving this matter seems unwarranted.

As our population becomes more centered in urban areas, exemptions established in the last century for rural life become increasingly more obsolete. It has been held that exemption laws are remedial in character and should be liberally construed in favor of the debtor. Childers v. Brown, 81 Or. 1, 158 P. 166. Except for the tongue-in-cheek elimination of yagers and muskets from the firearm exemption, changes made by the legislature in the exemption statutes have followed a pattern of broadening the scope of such laws.

Amounts of exemptions have been changed, allowing a person to claim tools of his trade to a possible value of $800 instead of $400. Previously a vehicle could only be claimed exempt if necessary to carry on the debtor's occupation —a tool of his trade—but in 1965 the legislature decided that an automobile was often a necessary thing for family or personal use and decreed that a debtor could claim up to $400 of his $800 tool exemption to keep his vehicle regardless of whether it had any connection with his occupation. The exemption for household goods was increased from $300 to $400 at the same time.

Where courts at times had applied a restrictive construction to exemption statutes, the legislature moved to define the term "vehicle" to include motor vehicle and specifically added radios and later a television set to be certain these items would not be excluded from the

category of "household goods, furniture and utensils."

At one time the statute exempted "chickens, poultry, ducks, geese, turkeys and other domestic fowls * * * to the value of fifty dollars." This was changed to specify merely "poultry and other domestic fowls," making it clear the legislature intended to include all types of fowls and not allow the enumeration of some to be held to prevent the inclusion of others.

The enumeration of certain animals—10 sheep, 2 cows and 5 swine—has been most inequitable in eliminating other animals. A riding horse, rabbits, household pets, such as dogs and cats, could not be claimed exempt. A debtor with a $60 German Shepherd, which was like a member of the family and a beloved companion of his children, might find the sheriff or constable levying upon it and be faced with the hardship of raising $60 immediately to save the dog. But once that debt was settled, what was to prevent another judgment creditor taking execution on the same dog?

In 1965, the legislature combined poultry and animals into a single paragraph and provided an exemption for "Domestic animals and poultry kept for family use, to the total value of $300 and food sufficient to support such animals and poultry for 60 days." ORS 23.160(1)(e).

■ We have gone far from pioneer days when isolated families living in log cabins needed certain animals to pull the plow or carriage and to provide milk and wool for clothing as well as meat. At present, very few people would have all three types of animals, sheep, cows and swine, and this exemption is of no value at all to city dwellers. Surely the legislature, in eliminating specific enumeration of the three types and using the term "domestic animals," meant to broaden the scope of the statute to include other animals. If it had been intended to limit the exemption to sheep, cows and swine, the legislature would have used such words instead of "domestic animals."

Counsel for the bankrupt has submitted a persuasive brief to the effect that horses are domestic animals. I agree with his conclusions, but shall not quote from the authorities cited, there being no Oregon case on the subject. The trustee has argued that the statute does not cover horses kept for riding or "personal use" only. Surely to ride a horse is to "use" it, and what does it matter how many members of the family use it? Also, to keep a dog as a companion for one's children is to "use" it for this purpose.

■ Before the amendment in 1965 to combine poultry and animals, the statute had made fowls exempt whether kept for family use or for earning a livelihood. The business use has now been eliminated but any domestic animals, including horses and dogs should be included whether kept for the use of the whole family or primarily for only one member thereof. Instead of imposing a type restriction, the legislature has now imposed a monetary one, providing that the debtor may have any poultry and domestic animals of his choice as long as the total value thereof does not exceed $300.

■ It is conceded that the combined value of Canutt's two horses does not exceed $300. The objections of the bankrupt to the trustee's report of exempt property are, therefore, sustained, and the trustee is directed to file an amended report including the horses as exempt.