**In re George Abraham GALLEGOS, Jr., and Karen Lynette Gallegos, Debtors.**

**Bankruptcy No. 98–01945.**

United States Bankruptcy Court, D. Idaho.

Oct. 16, 1998.

John C. Dewey, Idaho Falls, ID, for Debtor.

L.D. Fitzgerald, Pocatello, ID, Trustee.

**SUMMARY ORDER**

JIM D. PAPPAS, Chief Judge.

Debtors George and Karen Gallegos own a horse named "Mittens." Debtors claim Mittens is exempt from liquidation under Idaho Code § 11–605(1)(b) in their Chapter 7 bankruptcy case. According to Mrs. Gallegos' affidavit, Debtors purchased the horse to care for and to act as a companion to Mr. Gallegos' young daughter. While the horse has not yet been broken, they eventually intend to ride it. The family enjoys petting and feeding Mittens.

The Chapter 7 trustee, L.D. Fitzgerald, in an attempt to rein in Debtors' claim, objected to the exemption, arguing that the horse is not corralled by the exemption statute. The statute provides that:

> An individual is entitled to exemption of the following property to the extent of a value not exceeding five hundred dollars ($500) on any one (1) item of property and not to exceed a total value of four thousand dollars ($4,000) per household for all items exempted under this subsection:
>
> (b) if reasonably held for the personal use of the individual or a dependent, ... household pets, ....

Idaho Code § 11–605(1)(b).

The Court is saddled with two "mane" issues in this case: Is Mittens a "household pet"? And if so, is Mittens reasonably held for the personal use of Debtors or their dependents?

The parties could not round up, nor could the Court locate, any helpful authorities addressing whether a horse is a "household pet" for exemption purposes. Moreover, the Court cannot "go right to the source and ask [the] horse" if it is a household pet, since "no one can talk to a horse of course...."[1] However, the Court is guided

---

1. This quotation is taken from "Mr. Ed's Theme Song." For those few unfamiliar with the refrain, it goes something like this:

"Hello, I'm Mr. Ed
A horse is a horse of course of course, and no one can talk to a horse of course. That is of course unless the horse is the famous Mister Ed!
Go right to the source and ask the horse. He'll give you the answer that you'll endorse. He's always on a steady course. Talk to Mister Ed!

People yakkity-yak a streak and waste your time of day, but Mister Ed will never speak unless he has something to say!
A horse is a horse of course of course, and this one'll talk 'til his voice is hoarse. You never heard of a talking horse? Well, listen to this..." I am Mister Ed!"

Mr. Ed's Theme Song, http://nsccux.sccd.ctc.edu/-unclepj/ed_theme.htm.

by a decision from Oregon, in which the District Court found a horse to be exempt as a "domestic animal." *In re Canutt*, 264 F.Supp. 919 (D.Or.1967). In *Canutt*, while the trustee argued that a horse held for riding and personal use only was not covered by the Oregon exemption statute, the Court disagreed and held that owning a horse for riding and personal use was no different than owning a dog for companionship.

Mittens is not ridden, at least not yet. Instead, Debtors and their daughter enjoy feeding and petting the animal, much in the same fashion as an owner would a dog or a cat, both of which would certainly qualify as household pets. Moreover, while the statute is restricted to household pets, as opposed to all pets, the fact that Mittens does not physically reside within Debtors' house should not be determinative. People, especially those living in more rural settings, quite commonly keep their dogs or cats outside, yet such animals are still considered a part of the family's domestic setting. It is more the fact that an animal is held primarily for the enjoyment and companionship of its owners, and not for some other reason, that makes the pet a member of a debtor's household. There is no dispute that a special bond exists between Debtors' family members and Mittens.

Debtors represent that their horse is used for personal, as opposed to any commercial, purposes. To evidence this, they point out that Mittens is not worked, raced, bred, or shown competitively. Instead, the family strokes its coat and feeds it apples from their hands. To the Court, these are examples of "personal use."

Is it reasonable that Debtors own the horse for such uses? The horse is their only pet, they keep the animal at their rural home, and the expenses of keeping the horse are modest. Would it be more reasonable for Debtors to own a fish, bird, turtle, or hamster? Those pets would surely be more difficult to ride. All things considered, owning a horse for personal use is not irrational.

Is the Court inviting "horseplay" by allowing all sorts of animals to be claimed exempt as household pets? Here, the value of the unbroken horse is represented by Debtors to be $100, something Trustee has not disputed. Any attempt to abuse the exemption, such as claiming a thoroughbred race horse as a pet, is bridled not only by the "personal use" requirement of the statute, but also by the $500 per item limitation contained in Idaho Code § 11–605(1).

The Court appreciates Trustee's efforts to lasso assets to satisfy creditors' claims. However, exemption statutes should be liberally construed in favor of the debtor. *In re Leypoldt*, 96.2 I.B.C.R. 69. Here, the answer the Court will endorse, of course, is that a horse is exempt as a household pet.

You've never heard of a household horse? Well listen to this: Trustee's objection to Debtors' claim of exemption is hereby **DENIED**.